IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

                      v.                        08-cr-106-wmc-1

JOHNNY BRUCE MATHEWS,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Johnny Mathews' supervised release was held on October 20, 2021, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Daniel Graber. Defendant was present in person and by counsel Kathleen Quinn. Also present was U.S. Probation Officer Yang Moua.

FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on April 6, 2009, following his conviction for possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1), a Class A felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 240 months, with a 10-year term of supervised release to follow. On August 17, 2010, defendant's imprisonment sentence was amended pursuant to Rule 35(b), and he was re-sentenced to a term of 140 months' imprisonment with is term of supervised release unchanged. On December 18, 2014, defendant's sentence was further modified pursuant to 18 U.S.C. § 3582(c)(2), with a reduction of his term of imprisonment to 82 months. Again, his term of supervised release remained the same.

Defendant began his term of supervised release in the Western District of Wisconsin on October 30, 2015. Although apparently avoiding serious trouble for a number of years thereafter, the wheels came off when the defendant violated the mandatory condition that prohibits him from committing another federal, state, or local crime. On August 28, 2020, he pleaded guilty to possession of marijuana and bail jumping in Waupaca County, Wisconsin, Circuit Court Case No. 19CF11, receiving 18 months' probation. Defendant was also charged with possession of a firearm by a convicted felon, but this count was placed on a deferred prosecution or sentence, with a review hearing set for March 2022. The commission date for these offenses was January 10, 2019.

Defendant also violated Special Condition No. 4, requiring that he abstains from the use of alcohol and illegal drugs, participate in substance abuse treatment, and submit to drug testing. Specifically, the defendant failed to make himself available for drug testing on August 3, August 26, September 21 and September 26, 2020. He also submitted urine specimens that tested positive for THC on July 27 and August 5, 2020, and June 28, 2021. Finally, on July 6, 2021, defendant submitted urine specimens that tested positive for THC and cocaine.

Furthermore, defendant violated Special Condition No. 5, requiring him to participate in a mental health referral, assessment, and treatment, having failed to make himself available for substance abuse and mental health treatment. He was also referred for dual-diagnosis counseling to address his substance abuse and mental health conditions. On May 25, 2021, defendant's probation officer contacted defendant's treatment provider, Edmundson's Clinical Services, and was informed that defendant had not attended an appointment since November 2020. It was noted defendant failed to attend scheduled appointments on October 7, October 19, and December 9 and 10, 2020, as well as January 5 and 18, 2021.

Finally, defendant violated Standard Condition No. 11, requiring him to notify his supervising probation officer within 72 hours of being arrested or questioned by law enforcement. Defendant failed to report police contacts he had on September 6, 2019, July 9, 2021, and August 9 and 11, 2021. On August 23, 2021, defendant's case was re-assigned to me.

## CONCLUSIONS

Defendant's violations warrant revocation at this time. Defendant's most serious violations conduct falls into the category of a Grade B violation pursuit to § 7B1.1(a)(2). Pursuant to the Seventh Circuit Court of Appeals decision in *United States v. Trotter*, 270 F. 3d 1150, 1152 (7th Cir. 2001), the court finds that the most serious violation regarding his drug use in this case constitutes a Grade B violation in that defendant possessed illegal substances when he used illegal drugs, as evidenced by his positive urine drug tests on July 27, 2020 (THC); August 8, 2020 (THC); June 28, 2021 (THC); and July 6, 2021 (THC & cocaine). Defendant also has four earlier drug convictions as follows: fifth degree-controlled substance in Carlton County, Minnesota, District Court Case No. K1-01-001150; possession with intent to distribute cocaine in Marathon County, Wisconsin, Circuit Court Case No. 04CF56; possession of THC in Waupaca County, Wisconsin, Circuit Court Case No. 19CF11; and his instant offense of possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. Under 18 U.S.C. § 3583(g)(1), (2), (3), and (4), revocation is mandatory if the court finds the defendant possessed a controlled substance, possessed a firearm, tested positive for illicit substances on more than three occasions over the course of one year, and refused to comply with drug testing.

With a Grade B violation and a criminal history category of V, defendant has an advisory guideline range of imprisonment of 18 to 24 months. The statutory maximum to which defendant

can be sentenced upon revocation is 60 months under 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class A felony. Section 3583(h) also authorizes another term of supervised release to follow imprisonment, with the maximum term, if ordered, to follow a term of imprisonment capped at life.

Although defendant's conduct makes revocation mandatory, given his recent steps towards sobriety and compliance with the terms of his supervised release, I am willing to defer sentencing for 90 days in order to give the defendant an opportunity to demonstrate a meaningful commitment to both.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 6, 2009, and reaffirmed on August 17, 2010, and December 18, 2014, is REVOKED and sentencing is DEFERRED until January 21, 2022, at 1:00 p.m. If defendant has any subsequent violations of his conditions of supervised release, the court will move up that date and impose a sentence sooner.

Entered this 20th day of October, 2021.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

4